IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION       2009 SEP 22 AM 11: 16

| | | |
|---|---|---|
| ARICK GRAHAM DAIL, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV208-125 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR207-01) |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Arick Graham Dail ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution in Beckley, West Virginia, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response, and Petitioner filed a Reply. For the reasons which follow, Petitioner's motion should be **DISMISSED** in part and **DENIED** in part.

## STATEMENT OF THE CASE

Petitioner was indicted by a grand jury on four counts: 1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); 2) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); 3) possession with intent to distribute hydromorphone, in violation of § 841(a)(1); and 4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). United States v. Dail, No. 07-15343, 2008 WL 2009478, at *1 (11th Cir. May 12, 2008). Represented

by Joseph C. Kitchings, ("Counsel"), Petitioner pled guilty to count two, the cocaine charge, in exchange for dismissal of the other three counts. Id.

After calculating a base offense level of twenty, applying a two-level enhancement for possession of a firearm, and subtracting three levels for acceptance of responsibility, the Presentence Investigation Report ("PSI") concluded that Petitioner was a career offender based on four prior convictions for possession with intent to sell marijuana, which under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 gave Petitioner an automatic offense level of thirty-two. Id. After applying a three-level reduction for acceptance of responsibility, the PSI calculated that Petitioner's total offense level was twenty-nine with an advisory guidelines range of 151 to 188 months' imprisonment. Id.

At his sentencing hearing, Petitioner and Counsel requested that Petitioner be sentenced without the career-offender enhancement, which would have resulted in an advisory guidelines range of forty-six to fifty-seven months' imprisonment. Id. After considering Petitioner's and his attorney's statements, the 18 U.S.C. § 3553(a) factors, and the advisory guidelines, the Honorable Anthony A. Alaimo sentenced Petitioner to 151 months' imprisonment. Id. The Court of Appeals for the Eleventh Circuit affirmed the sentence. Id.

In the instant motion, Petitioner brings forth three claims: 1) that a collateral attack waiver should not preclude him from bringing this claim; 2) that he received ineffective assistance of counsel; and 3) that the court failed to take the factors enumerated in 18 U.S.C. § 3553(a) into account when determining his sentence. The Government asserts that Petitioner's Motion should be denied.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Collateral Attack Waiver**

Petitioner claims that this Court should not allow his collateral attack waiver to bar him from bringing the instant claims. However, Petitioner's plea agreement contained no collateral attack waiver. Therefore, this portion of Petitioner's claim should be dismissed as moot.

II. **Contentions not raised on Appeal**

Although § 2255 does not specifically include a statutorily mandated exhaustion of remedies requirement before a writ of habeas corpus petition can be brought, federal courts have created an exhaustion requirement. See Reed v. Farley, 512 U.S. 339, 354 (1994). A section 2255 petition cannot be a substitute for a direct appeal; therefore, a petitioner is procedurally defaulted from seeking habeas relief on claims that he could have raised on direct appeal. Id. If a petitioner has not raised an available issue on direct appeal, he has waived his right to appeal. This procedural default can be overcome by showing "cause" for the waiver of a direct appeal and "actual prejudice resulting from the alleged error." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). "Constitutionally ineffective assistance of counsel can constitute cause" to overcome a procedural default. Holladay v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000). However, such a claim must have merit. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent in analyzing ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that

deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler, 218 F.3d at 1313 (citing Burger v. Kemp, 483 U.S. 776, 794 (1987)). Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

Petitioner alleges that he received ineffective assistance of counsel because: 1) the decision to have Petitioner plead to count two as opposed to count one of the Government's indictment increased his term of incarceration by approximately twenty-five percent; 2) Counsel was not present when Petitioner signed his plea agreement; 3)

Counsel failed to object to the use of his prior sentences; 4) Counsel failed to object to the Guideline calculation; and 5) Counsel failed to object to the firearms enhancement.

### A. Pleading to Count Two

Petitioner asserts that Counsel was ineffective because had he plead guilty to firearms possession instead of possession with intent to distribute cocaine hydrochloride, Petitioner would not have qualified as a career offender. "[E]ntering into plea bargains is within the United States Attorney's prosecutorial discretion." United States v. Pickering, 178 F.3d 1168, 1174 (11th Cir. 1999), *overruled on other grounds by* United States v. Orrega, 363 F.3d 1093, 1098 n.8 (11th Cir. 2004). The record contains no indication of an offer by the Government for Petitioner to plead guilty to any count other than count two. Exhibit 1 to Petitioner's Motion contains the sentence, "Appointed counsel. . .would also point out that his decision to have [Petitioner] plead to Count 2 as opposed to Count 1 in the government's indictment increased Defendant's term of incarceration by approximately 25%." (Doc. No. 1, Ex.1). However, Petitioner fails to indicate what Exhibit 1 is or where it originated. Assuming it is, in fact, a portion of a document authored by Counsel, then it only serves to undermine Petitioner's assertion that Counsel did not argue for a lesser sentence on Petitioner's behalf; it fails to indicate that Petitioner had the option of pleading guilty to count one instead of count two. See *infra* Part II.C. Since Petitioner was not offered the option to plead guilty to count one instead of count two, he has not shown any deficiency by Counsel to support his claim. Counsel is not ineffective for failing to allow his client to take a plea offer that was not available.

## B. Counsel's Presence During Signing of the Plea Agreement

The plea agreement was signed by both Petitioner and Counsel on August 10, 2007. (CR207-1, Doc. No. 27, p. 9-10). Even if Counsel was not present at the moment Petitioner signed his plea agreement, Petitioner cannot show deficiency or prejudice. Counsel was present at Petitioner's Rule 11 hearing at which time Petitioner informed the Court of his desire to plead guilty. (See id. at Doc. No. 24). This Court reviewed and accepted Petitioner's plea agreement and Petitioner and Counsel signed a change of plea form on August 22, 2007. (Id.) Further, Petitioner's plea agreement states:

> The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice, . . . discussed the defendant's right to plead not guilty and compel a public trial by jury or by the Court, . . . and that the defendant, with the advice of counsel has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice

(Id. at Doc. 27, p. 6-7). Petitioner cites a portion of the plea agreement in his § 2255 motion and discusses its role as a contract "involving two or more individuals whereby each has reciprocal rights to demand performance of what is promised." (Doc. No. 1, p. 8-9). Petitioner's signature on the plea agreement and his use of its terms in his Motion indicate that he understood the nature of the plea agreement and that he had competent advice in deciding whether to plead to count two or whether to proceed to trial. Though Petitioner fails to prove Counsel was not present at the plea agreement signing, Counsel's alleged absence does not constitute a deficiency and does not prejudice Petitioner since Petitioner was fully aware of the terms of his plea agreement.

AO 72A
(Rev. 8/82)

6

### C. Counsel's Failure to Object to Prior Sentences

Petitioner claims that his counsel was ineffective because he "failed to object to the prior sentences that were imposed on the same day," and that his counsel should have known that a day prior to his sentencing on November 2, 2007, the Sentencing Commission, "simplified criminal offense history guidelines . . . to reflect the minimum 'offenses that were named in the same charging document, or were imposed on the same day.'" (Id. at p. 4-5). Petitioner claims that his "prior convictions should have been counted as a single offense under the 1990 [sic] edition of the guidelines[1], thus making room for other considerations under 18 U.S.C. 3553." (Id. at 6).

The Sentencing Commission amended U.S.S.G. §§ 4A1.1 and 4A1.2 on November 1, 2007, to address the use of misdemeanor and petty offenses in determining a defendant's criminal history score and to revisit when multiple prior sentences count as a single sentence. See United States Sentencing Guidelines Manual, supp. to app. C, amendment 709 (2008). "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." Id. Petitioner had four prior felony convictions, each with separate arrest dates. (See PSI p. 6-10). Petitioner's offenses should not have been counted as a single offense under the Guidelines, and his designation as a career offender was appropriate. Therefore, he cannot claim deficiency or prejudice because of Counsel's failure to object to Petitioner's prior sentences not being counted as a single offense.

---

[1] The undersigned assumes Petitioner referred to the 2007 amendments that he references elsewhere in his Motion. If Petitioner did, in fact, purposefully reference the 1990 amendments, they are not applicable since Petitioner's offense, arrest, and sentencing all took place in 2007.

7

### D. Counsel's Objection to Guideline Calculations

Petitioner asserts that Counsel was ineffective because he made no attempt to notify the Court that Petitioner's "minor marijuana offenses" put him in "the same category as major drug traffickers engaged in gun crimes or acts of extreme violence." (Doc. No. 1, p. 5). He further claims that Counsel failed to notify the Court "that the career offender guideline provision provides no mechanism for evaluating the relative seriousness of the underlying prior convictions." Id. However, at Petitioner's sentencing hearing, Counsel stated:

> [W]e did object in that regard in that because of his prior criminal history he was determined to be a career criminal. The prior criminal history involved some marijuana possession and sale all back when he was less than 21 years of age. The possession and sales . . . were less than two ounces of marijuana. It happened in about a 10-month period, and based on that we objected to them labeling him as a career criminal even though he meets the definition, and that it overstates his involvement in the drug business . . . we would ask the Court to go under the guidelines that would be met if he was not in the criminal career category.

(CR207-1, Sent. Trans. p. 4-5). The transcript contradicts Petitioner's claim that Counsel failed to object to the Guideline calculation of Petitioner as a career offender and therefore, does not show a deficiency in Counsel's representation of Petitioner.

### E. Firearms Enhancement

Finally, Petitioner claims that Counsel was ineffective for failing to object to this Court's application of the U.S.S.G. § 2D1.1 firearms enhancement. Before calculating the Chapter 4 enhancements to Petitioner's sentence, the PSI determined that Petitioner's base offense level was twenty. (PSI p. 5, ¶ 15). Based on Petitioner's firearm possession, the probation officer recommended that the court increase Petitioner's offense level by two. (Id. at ¶ 16). After subtracting three points for

acceptance of responsibility, Petitioner was left with a total offense level of nineteen. (Id. at ¶ 22). However, because Petitioner had more than two prior felony convictions and the offense at issue involved a controlled substance, Petitioner qualified as a career offender, which required his offense level be calculated according to U.S.S.G. § 4B1.1. The Chapter 4 enhancements automatically placed Petitioner at an offense level of thirty-two, without regard to the prior calculations. The U.S.S.G. firearms enhancement did not affect the calculation of Petitioner's total offense level in any way, and Counsel's failure to object to the enhancement did not constitute a deficient performance.

### III. Contentions Raised on Appeal

In his Motion, Petitioner claims that the Court failed to consider the sentencing factors enumerated in 18 U.S.C. § 3553(a), particularly his "history and character" when determining his sentence. (Doc. No. 1, p. 13). Petitioner asserts that the Court should have sentenced him below the applicable Sentencing Guideline range because he is "not in the same category as a major drug trafficker." Id.

Petitioner appealed the sentence imposed by this Court. However the Court of Appeals for the Eleventh Circuit found that there was no procedural error at Petitioner's sentencing:

> The district court properly stated that it had treated the guidelines as advisory, and there is no indication that the district court misapprehended its authority to vary from the advisory guidelines range. The district court also stated that it had considered the arguments raised by Dail and his counsel at sentencing and the § 3553(a) factors. Because the district court imposed a sentence within the advisory guidelines range after indicating that it saw "no reason to depart from the sentence called for by the application of the advisory guidelines since the facts justify it," the district court's explanation of its chosen sentence was sufficient.

Dail, 277 Fed. Appx, at *3. The Court of Appeals also found that Petitioner's sentence was reasonable:

> [W]e cannot say that Dail's 151-month sentence, at the low end of the advisory guidelines range, was substantively unreasonable. The district court sentenced Dail well below the 20-year statutory maximum sentence. Despite Dail's argument that the prior convictions used to enhance his sentence involved small drug quantities and occurred within a narrow time frame, Dail's criminal history demonstrates a long-term involvement in drug distribution. Further, Dail confessed that he had been dealing drugs from approximately 2002 through his arrest his 2006. In light of these facts and our deference to the district court's advantage in weighing the § 3553(a) factors, Dail has failed to carry his burden to show that the district court abused its discretion in imposing a 151-month sentence.

Id.

A district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. Nyhuis, 211 F.3d at 1343. Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under § 2255 unless there has been an intervening change in the law. Id.; Davis v. United States, 417 U.S. 333, 342 (1974). The mere re-characterization of a claim that was brought on direct appeal does not merit a district court's review on a different, yet previously available, legal theory. Nyhuis, 211 F.3d at 1343. Given the findings of the Eleventh Circuit Court of Appeals, Petitioner cannot repackage this claim and relitigate it in this forum. In addition, Petitioner has not shown there has been an intervening change in law which would allow this Court to entertain those claims he previously set forth on direct appeal.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's motion to set aside, vacate, or correct his sentence, brought pursuant to 28 U.S.C. § 2255, be **DISMISSED** in part, and **DENIED** in part.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of September, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE